IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID R. WILSON,

        Petitioner,               No. 2:12-cv-2606 GGH P

    vs.

DUFFY,

        Respondent.          <u>ORDER</u>

_____/

        Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and an application to proceed in forma pauperis. Petitioner appears to challenge his 2000 conviction in Placer County Superior Court.[1] However, court records indicate that petitioner has previously brought habeas petitions in this court regarding that 2000 conviction. A petition was denied on the merits in No. 2:03-cv-0703 MCE CMK P, on August 21, 2006, and a certificate of appealability was denied by the Ninth Circuit on July 3, 2007.[2] Petitioner brought a second habeas petition in No. 2:07-cv-2087 GEB EFB P, that

---

[1] While petitioner first states the conviction arose from San Francisco Superior Court the remainder of the petition indicates it is a Placer County conviction.

[2] A court may take judicial notice of court records. See <u>MGIC Indem. Co. v. Weisman</u>, 803 F.2d 500, 505 (9th Cir. 1986); <u>United States v. Wilson</u>, 631 F.2d 118, 119 (9th Cir. 1980).

1

was denied as a successive petition on March 25, 2009.

"A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed. . . ." 28 U.S.C. § 2244(b)(2). This is the case unless,

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).

However, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

Here, it does not appear that petitioner has obtained an order from the Ninth Circuit authorizing the district court to consider this successive petition, assuming this involves the 2000 Placer County conviction. Petitioner shall show cause within seven days why this case should not be dismissed as successive without prejudice to its refiling with a copy of an order from the Ninth Circuit authorizing petitioner to file a successive petition.

\\\\\
\\\\\
\\\\\
\\\\\
\\\\\

1  Accordingly, IT IS HEREBY ORDERED that:

2  1. The motion to proceed in forma pauperis is granted; and

3  2. Petitioner shall show cause within seven days why this case should not be dismissed as successive without prejudice to its refiling with a copy of an order from the Ninth Circuit authorizing petitioner to file a successive petition.

Dated: November 14, 2012

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

ggh: ab
wils2606.ord