IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID R. WILSON,

        Petitioner,                  No. 2:12-cv-2606 GGH P

    vs.

DUFFY,

        Respondent.             ORDER

_____/

        Petitioner, a state prisoner proceeding pro se and in forma pauperis, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. However, court records indicate that petitioner has previously brought a habeas petition in this court with the same claims or variations of these claims concerning his 2000 conviction in Placer County Superior Court. A petition was denied on the merits in No. 2:03-cv-0703 MCE CMK P, on August 21, 2006, and a certificate of appealability was denied by the Ninth Circuit on July 3, 2007.[1] Petitioner brought a second habeas petition in No. 2:07-cv-2087 GEB EFB P, that was denied as a successive petition on March 25, 2009. Thus, petitioner is attempting to bring a successive petition.

---

[1] A court may take judicial notice of court records. See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

"A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed. . . ." 28 U.S.C. § 2244(b)(2).  This is the case unless,

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).

However, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  28 U.S.C. § 2244(b)(3)(A).

Here, in response to this court's order to show cause, petitioner concedes that he has not obtained an order from the Ninth Circuit authorizing the district court to consider this successive petition; however, he states that he has since filed a request for authorization with the Ninth Circuit on November 25, 2012, and will send the response to this court when he receives it.  (Doc. no. 11.)  Petitioner cannot proceed with his successive petition in this court unless and until he obtains such an order.

Therefore, this successive petition will be dismissed without prejudice to its refiling with a copy of an order from the Ninth Circuit authorizing petitioner to file a successive petition.

\\\\\

\\\\\

1  Accordingly, IT IS HEREBY ORDERED that: the petition is dismissed without
2  prejudice to its refiling with a copy of an order from the Ninth Circuit authorizing petitioner to
3  file a successive petition.
4  Dated: April 1, 2013

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

ggh: 076/wils2606.succ.wpd